# TIFFANY & BOSCO
P.A.

**2525 EAST CAMELBACK ROAD**
**THIRD FLOOR**
**PHOENIX, ARIZONA 85016**
**TELEPHONE: (602) 255-6000**
**FACSIMILE: (602) 255-0192**

Mark S. Bosco
State Bar No. 010167
Leonard J. McDonald
State Bar No. 014228
Attorneys for Secured Creditor

10-28553

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE:<br><br>James A. Caviness and Adrianne R. Caviness<br><br>Debtors.<br>———————————————————<br>Bank of Oklahoma, N.A.<br><br>      Secured Creditor,<br>vs.<br><br>James A. Caviness and Adrianne R. Caviness, Debtors; Office of the U.S. Trustee, Trustee.<br><br>      Respondents. | No. 2:10-bk-31708-RTB<br><br>Chapter 11<br><br>OBJECTION TO<br>CHAPTER 11 PLAN |

      Bank of Oklahoma, N.A., (hereinafter "Secured Creditor"), by its attorneys, TIFFANY & BOSCO, P.A., hereby objects to the proposed Chapter 11 Plan (hereinafter "Plan") filed by the Debtors for the following reasons:

      The Plan provides for an impermissible cram down of Secured Creditor's lien interest on the real property commonly known as 10163 East Santa Catalina Drive, Scottsdale AZ 85255.

Secured creditor objects to the value of the subject real property as Debtors arbitrarily propose that the fair market value of Secured Creditor's claim is $1,200,000.00. Secured creditor is informed and believes and therefore alleges that the fair market value of the property pursuant to the attached appraisal is $1,650,000.00. A true and correct copy of the appraisal is attached hereto as Exhibit "A".

Secured Creditor objects to the proposed interest rate terms for the subject real property as Debtor proposes to pay the interest rate at 4.5% per annum interest. Further, the Plan proposes to pay the secured claim over a 40 year term. Generally, a secured debt must be repaid in the time which is conventional for the type of loan involved. As this is a real property loan, repayment over a 30 year term would be the applicable time period. These terms are not reasonable under current market conditions and in light of the Debtors past payment history.

The Plan fails to provide Secured Creditor an option to make an election pursuant to 11 U.S.C. section 1111(b)(1)(A)(i) to instead have its total claim paid in full.

The Plan is not feasible under 1129(a)(11) – The Debtors must show concrete evidence of sufficient cash flow to fund and maintain both its operations and obligations.

**CONCLUSION**

Any Chapter 11 Plan proposed by the Debtors must provide for and eliminate the Objections specified above in order to be reasonable and to comply with applicable provisions of the Bankruptcy Code. Secured Creditor respectfully requests that the confirmation of the Chapter 11 Plan as proposed by the Debtors be denied.

WHEREFORE, secured creditor prays as follows:

(1) That the Chapter 11 Plan be denied.

(2) For such other relief as this Court deems proper.

DATED this 18th day of March, 2011.

                 Respectfully submitted,

                 TIFFANY & BOSCO, P.A.

                 BY   /s/ LJM #014228
                    Leonard J. McDonald
                    Attorneys for Secured Creditor

COPY of the foregoing mailed
March 18, 2011 to:

James A. Caviness and Adrianne R. Caviness
9830 E. Thompson Peak Pkwy #903
Scottsdale, AZ 85255
Debtors

Aiken Schenk Hawkins & Ricciardi
4742 N. 24th Street,
Suite 100
Phoenix, AZ 85016
Attorney for Debtors

Office of the U.S. Trustee
230 North First Avenue
Suite 204
Phoenix, AZ 85003
Trustee

By: /s/ Heidi S. Nelson